Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Donald J. Kuban
Shirley J. Kuban**
Debtor(s)

Bankruptcy Case No.: 15−23352−GLT
Issued Per Oct. 13, 2016 Proceeding
Chapter: 13
Docket No.: 78 − 61, 63, 64
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

　　　　IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 3, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.　For the remainder of the Plan term, the periodic Plan payment is amended to be $1,990 as of October 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.　The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.　Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.　Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.　The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.　　shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.　The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Deutsche Bank at Claim No. 1 .

☐ H.　Additional Terms:

*(2.)*  *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty-one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre-confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: October 17, 2016

cc:   All Parties in Interest to be served by Clerk in seven (7) days

```
                        United States Bankruptcy Court
                        Western District of Pennsylvania
In re:                                                      Case No. 15-23352-GLT
Donald J. Kuban                                             Chapter 13
Shirley J. Kuban
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2        User: jhel              Page 1 of 2                 Date Rcvd: Oct 17, 2016
                            Form ID: 149            Total Noticed: 16
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 19, 2016.
db/jdb         +Donald J. Kuban,    Shirley J. Kuban,    517 Stewart St,    Turtle Creek, PA 15145-1938
cr             +Deutsche Bank National Trust Company, as Trustee f,     ALDRIDGE PITE, LLP,
                 4375 Jutland Drive, Suite 200,    P.O. Box 17933,    San Diego, CA 92177-7921
cr             +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    225 North Shore Drive,
                 Pittsburgh, PA 15212-5861
14105869       +COMENITYCAPITAL/DENTAL FIR,    PO Box 182120,    Columbus, OH 43218-2120
14105868       +Chase Home Finance LLC,    PO Box 24696,    Columbus, OH 43224-0696
14136623       +Deutsche Bank National Trust Company,    Nationstar Mortgage LLC,    PO Box 619096,
                 Dallas TX 75261-9096
14140794       +JPMorgan Chase Bank, National Association,    Chase Records Center,    ATTN: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
14105870      ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
                (address filed with court: Nationstar Mortgage LLC,     350 Highland Drive,
                 Lewisville, TX 75067)
14105871       +PNC Bank,    2730 Liberty Ave,    Pittsburgh, PA 15222-4747
14105873       +THE CBE GROUP INC,    131 Tower Park Dr Ste 100,    PO Box 900,    Waterloo, IA 50704-0900
14105874       +WILSHIRE CREDIT CORPORATIO,    450 American St,    Simi Valley, CA 93065-6285
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14126452       +E-mail/Text: bankruptcy@cavps.com Oct 18 2016 02:11:37      Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
14178515       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Oct 18 2016 02:11:56      Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14149416        E-mail/Text: bnc-quantum@quantum3group.com Oct 18 2016 02:11:07
                 Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                 Kirkland, WA 98083-0788
14105872       +E-mail/Text: bkdepartment@rtresolutions.com Oct 18 2016 02:11:33      Real Time Resolutions,
                 1349 Empire Central Dr,    Ste 150,    Dallas, TX 75247-4029
14118462        E-mail/Text: bkdepartment@rtresolutions.com Oct 18 2016 02:11:33
                 Real Time Resolutions, Inc.,     1349 Empire Central Drive, Suite #150,
                 Dallas, Texas 75247-4029
                                                                                              TOTAL: 5

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Deutsche Bank National Trust Company, Et Al...
cr             Duquesne Light Company
cr             JPMorgan Chase Bank, National Association
                                                                                              TOTALS: 3, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2016                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 17, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    Deutsche Bank National Trust Company, Et Al...
               agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Joseph P. Schalk    on behalf of Creditor    JPMorgan Chase Bank, National Association
               pawb@fedphe.com, joseph.schalk@phelanhallinan.com
              Joshua I. Goldman    on behalf of Creditor    Deutsche Bank National Trust Company, Et Al...
               bkgroup@kmllawgroup.com
```

```
District/off: 0315-2           User: jhel              Page 2 of 2            Date Rcvd: Oct 17, 2016
                               Form ID: 149            Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        Lawrence W. Willis    on behalf of Joint Debtor Shirley J. Kuban help@urfreshstrt.com, urfreshstrt@gmail.com
        Lawrence W. Willis    on behalf of Debtor Donald J. Kuban help@urfreshstrt.com, urfreshstrt@gmail.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtdrive.com
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
        S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com, srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com

        TOTAL: 9